24CA1082 Peo in Interest of Hayes 09-19-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1082
Pueblo County District Court No. 24MH30033
Honorable Timothy O'Shea, Judge

---

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of Armound De Shaun Hayes,

Defendant-Appellant.

---

ORDER AFFIRMED

Division II
Opinion by JUDGE JOHNSON
Fox and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 19, 2024

---

Cynthia Mitchell, County Attorney, Kate H. Shafer, Special Assistant County Attorney, Pueblo, Colorado, for Petitioner-Appellee

Tezak Law, P.C., Mary Tezak, Florence, Colorado, for Defendant-Appellant

¶ 1    Respondent, Armound De Shaun Hayes (Hayes), appeals the district court's order authorizing the involuntary administration of medication to him. We affirm.

## I.    Background

¶ 2    Hayes was committed to the Colorado Mental Health Hospital in Pueblo (CMHHIP) for restoration to competency in a criminal case. He was diagnosed with unspecified mood disorder and presented with symptoms including agitation, irritability, impulsivity, and physically aggressive behavior.

¶ 3    When Hayes was admitted to CMHHIP, he voluntarily agreed to take Depakote (Depakene/Valproic Acid) but refused to take Zyprexa (Olanzapine). Two days later, he assaulted two staff members and was administered emergency medications to stabilize him.

¶ 4    The State filed a petition for a court order authorizing the involuntary administration of medication to Hayes. The district court held a hearing, at which Hayes and Dr. Mattox, a psychiatrist at CMHHIP and a supervisor of Hayes's psychiatric provider, testified. Dr. Mattox was qualified as an expert in the field of

clinical psychiatry. At the conclusion of that hearing, the court found that Dr. Mattox had "testified credibly and persuasively," and it concluded that the State had proved all four elements set forth in *People v. Medina*, 705 P.2d 961 (Colo. 1985). The court issued an order authorizing CMHHIP staff to administer Zyprexa (Olanzapine) and Depakote (Depakene/Valproic Acid), "as scheduled medications" in the dosages requested by Dr. Mattox, as well as Chlorpromazine (Thorazine), Hydroxyzine (Vistaril), and Ativan (Lorazepam) "as needed for severe levels of agitation and aggression," and the lab work necessary to monitor the administration of these medications.

## II. Standard of Review

¶ 5    An involuntarily committed individual retains the right to refuse medical treatment, including the administration of antipsychotic medications. *Medina*, 705 P.2d at 973. Under *Medina*, a court may order that such a person be medicated over his objection only when (1) the person is not competent to participate in the treatment decision; (2) treatment by antipsychotic medication is necessary to prevent significant and likely long-term

2

deterioration in the person's mental condition or to prevent the likelihood of the person causing serious harm to himself or others in the institution; (3) no less intrusive treatment option is available; and (4) the person's need for treatment with antipsychotic medication is sufficiently compelling to outweigh his bona fide and legitimate interest in refusing the medication. *Id.* The State bears the burden of proving each of the *Medina* factors by clear and convincing evidence. *Id.*[1] A psychiatrist's testimony may suffice to meet this burden. *People v. Pflugbeil*, 834 P.2d 843, 847 (Colo. App. 1992).

¶ 6    When challenging the sufficiency of the evidence, we review the record de novo, viewing the evidence in the light most favorable to the State, as the prevailing party. *See Clark v. People*, 232 P.3d 1287, 1291 (Colo. 2010); *People v. Fuentes*, 258 P.3d 320, 326

---

[1] When the State seeks to administer antipsychotic drugs to a mentally ill criminal defendant involuntarily so that the individual can stand trial, a reviewing court applies the Supreme Court's test in *Sell v. United States*, 539 U.S. 166, 178 (2003). But reviewing courts apply state law tests if the state, as here, seeks to administer antipsychotics involuntarily for "a *different* purpose," including a purpose "related to the individual's dangerousness, or . . . the individual's own interests where refusal to take drugs puts his health gravely at risk." *Id.* at 181-82.

(Colo. App. 2011). As the fact finder, the district court "has discretion to determine the credibility of the witnesses; the sufficiency, probative effect, and weight of the evidence; and the inferences and conclusions to be drawn from it." *People in Interest of R.C.*, 2019 COA 99M, ¶ 7 (quoting *People in Interest of S.M.A.M.A.*, 172 P.3d 958, 962 (Colo. App. 2007)). Where there is "ample evidence in the record to support the trial court's findings and conclusion[s], based on clear and convincing evidence," we may not "substitute[] [our] judgment for that of the trial court." *People in Interest of A.J.L.*, 243 P.3d 244, 255 (Colo. 2010).

### III. Analysis

¶ 7 Hayes contends that the evidence was insufficient to prove the first *Medina* factor: that he is incompetent to effectively participate in the treatment decision. We are not persuaded.

¶ 8 The record supports the district court's finding that Hayes was incompetent to effectively participate in his treatment decisions. Dr. Mattox testified that Hayes has no insight into his mental illness. This opinion was based on Dr. Mattox's experience with the patient during this and two prior visits to CMHHIP. Dr. Mattox

4

further testified that Hayes is incompetent to effectively participate in decisions affecting his health, including the decision as to whether psychiatric medications are needed, because Hayes "does not believe he has a mental illness" and does not believe that he "need[s] treatment with psychiatric medications."  And Dr. Mattox testified that when he discussed with Hayes the possibility of taking the requested medications voluntarily, Hayes refused.

¶ 9     We are not persuaded otherwise by the assertion that Hayes is competent to effectively participate in the treatment decision because he "did not deny that he had any mental illness" and "stated a willingness to take both Depakote and Zyprexa, the two primary medications" requested by Dr. Mattox.  Nothing in Hayes's testimony evidences a belief that he has a mental illness.  Indeed, when Hayes was asked if he believed that he had a mental illness, he responded only, "They diagnosed me with ADHD, anxiety, and depression."  And while Hayes did testify, somewhat conflictingly, that he was agreeable to taking Depakote and Zyprexa, he also testified that he would not willingly take the other requested medications.  Iin response to Hayes's testimony, Dr. Mattox opined,

5

"I don't believe his consent [to taking Depakote and Zyprexa] would be maintained." Dr. Mattox explained, "[Hayes] has refused those medications in the past," and when Dr. Mattox spoke to him in the past about voluntarily taking these medications, "similar to . . . his testimony today, he gave very inconsistent answers saying first that he would prefer to take the Valproic Acid [Depakote] and not the Zyprexa and then stating he would prefer to take the Zyprexa and not the Valproic Acid [Depakote]." Weighing this conflicting evidence, the court credited Dr. Mattox's testimony, finding it both credible and persuasive, and found Hayes's testimony on this point to be incredible. We are bound by those findings. *See People in Interest of Strodtman*, 293 P.3d 123, 132 (Colo. App. 2011); *People in Interest of Ramsey*, 2023 COA 95, ¶ 30.

¶ 10    We likewise reject Hayes's assertion that his ability to testify about his symptoms, side effects, and past experiences with medication demonstrate that he is competent to effectively participate in the treatment decisions. The first *Medina* factor does not ask simply whether a patient has the ability to "articulate his or her preferences" in regard to treatment. *Strodtman*, 293 P.3d at

132. It asks whether the patient is competent to *effectively* participate in the treatment decision. *Medina*, 705 P.2d at 973. "To participate effectively contemplates action in addition to words." *Strodtman*, 293 P.3d at 132. And for the reasons above, Dr. Mattox's testimony is sufficient to support the district court's finding that Hayes was not competent to *effectively* participate in the treatment decision.

¶ 11 And to the extent Hayes asserts that the district court's statement, "it just comes down to a disagreement over which . . . class of medications to take" evidences an error in the court's judgment concerning Hayes's competence to effectively participate in the treatment decision, we disagree. This statement was in reference to the court's finding that Hayes's refusal to take the requested medications was not bona fide and legitimate — a *Medina* factor Hayes does not contest on appeal.

¶ 12 Because Hayes does not challenge the district court's findings concerning the other *Medina* factors, we conclude the evidence was sufficient to support the involuntary medication order.

## IV. Conclusion

¶ 13    The order is affirmed.

JUDGE FOX and JUDGE SCHOCK concur.